**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

David Paul Merritt, Appellant.

Appellate Case No. 2019-000365

Appeal From Lexington County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-223
Submitted May 1, 2021 – Filed June 16, 2021

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** David Paul Merritt appeals his conviction for throwing bodily fluids by prisoner on a correctional facility employee, for which he was sentenced to seven years' imprisonment. Merritt argues the trial court erred in (1) refusing to

direct a verdict of acquittal on his charge when the State failed to prove he threw bodily fluids and (2) instructing the jury that, pursuant to section 24-13-470(A) of the South Carolina Code (Supp. 2020), "throwing" includes the intentional transfer of bodily fluids. We affirm pursuant to Rule 220(b), SCACR.

1. The trial court did not err in denying Merritt's motion for a directed verdict because evidence supported submitting the case to the jury. Specifically, the State presented evidence showing Merritt resisted being placed in handcuffs after reporting to a detention center for his weekend sentence while showing signs of intoxication and intentionally transferred his feces onto an officer's uniform in violation of section 24-13-470(A). *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *id*. ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id*. ("When reviewing a denial of a directed verdict, [an appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); S.C. Code Ann. § 24-13-470(A) (providing it is unlawful for any "inmate" to "attempt[] to throw or throw[] body fluids including, but not limited to . . . feces, . . . on an employee of a state correctional facility or local detention facility"); *State v. Pittman*, 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used."); *id*. ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); *Enos v. Doe*, 380 S.C. 295, 304, 669 S.E.2d 619, 623 (Ct. App. 2008) ("Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention."); *State v. Morgan*, 352 S.C. 359, 366, 574 S.E.2d 203, 206 (Ct. App. 2002) ("Words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation."); *id*. ("When faced with an undefined statutory term, the court must interpret the term in accord with its usual and customary meaning."); *id*. ("The terms must be construed in context and their meaning determined by looking at the other terms used in the statute."); *id*. ("Courts should consider not merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law."); *id*. at 367, 574 S.E.2d at

207 ("The statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers.").

2.  Because the trial court did not err in denying Merritt's motion for directed verdict and in interpreting the word "throw" as set forth in section 24-13-470(A) to include an intentional transfer of bodily fluids, we hold the jury was properly charged on the language of the statute.  *See State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *id*. at 317, 577 S.E.2d at 463 ("Generally, the trial [court] is required to charge only the current and correct law of South Carolina."); *id*. at 318-19, 577 S.E.2d at 464 ("The substance of the law is what must be charged to the jury, not any particular verbiage.  A jury charge which is substantially correct and covers the law does not require reversal.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.